IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.             CRIMINAL NO. 2:10-cr-20032-001

TRISTAN CHAMBERS                                            DEFENDANT

**ORDER**

Before the Court are Defendant Tristan Chamber's Sealed Motion to Modify Sentence (doc. 20), Sealed Second Motion to Modify Sentence (doc. 21) and correspondences in relation to these motions[1]. Defendant moves the Court to run his term of imprisonment concurrently with his state sentence arguing, among other things, that a concurrent federal sentence would make him eligible for a work release program.

Defendant was sentenced to 57 months imprisonment, 3 years of supervised release, $2,500.00 fine, and $100.00 special assessment for his guilty plea conviction for Felon in Possession of Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing Defendant's Criminal History Category was III and his Total Offense Level 21[2]. Defendant's term of

---

[1] Defendant sent several letters to the Court in connection to his motions which were not filed on the record but were considered by the Court.
[2] The Court notes that had the Government filed an Information pursuant to 21 U.S.C. 851(a)(1) Defendant would have faced a 15-year mandatory minimum pursuant to 18 U.S.C. § 924(e)(1) based on his three prior convictions that are either a violent felony or serious drug offense. The Court further notes that Defendant's Presentence Investigation Report did not assign criminal history points for certain prior convictions of Defendant; however, Eight

imprisonment reflected the high-end of the Guidelines range of imprisonment and was ordered to run consecutive to his state sentence[3].

The Court's authority to modify a defendant's sentence is limited to specific instances where Congress has expressly granted the court jurisdiction. *United States v. Blackwell*, 81 F.3d 945 (10th Cir. 1996). Title 18, Section 3582(c) of the United States Code provides three instances in which a court may modify a defendant's sentence: (1) upon motion by the Director of the Bureau of Prisons; (2) as permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) upon a subsequent lowering of a Guideline sentencing range.

The Court has no inherent power to modify Defendant's sentence unless he meets one of the instances in Title 18, Section 3582(c), and the Court having reviewed Defendant's case in detail finds that Defendant does not meet any of those instances. *See Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007)(discussing the district court's limited power to revise a sentence after it is imposed); *Cf. United States v.*

---

Circuit precedent allows for triple-counting of defendant's prior convictions in felon in possession cases. *See U.S. v. Saffeels*, 39 F.3d 833 (8th Cir. 1994)(affirming use of defendant's prior convictions to enhance defendant's sentence based on the mandatory minimum pursuant to 18 U.S.C. 924(e)(1), to calculate the defendant's criminal history score, and to establish the defendant's base offense level under U.S.S.G. § 2K2.1(a)).

[3] A four level increase was assigned as Specific Offense Characteristic pursuant to U.S.S.G. § 2K2.1(b)(6) because Defendant used or possessed the firearm in connection with another felony offense, Defendant's Aggravated Assault conviction in state court.

*Mayotte*, 249 F.3d 797, 799 (8th Cir. 2001)(holding a district court has broad discretion to determine whether a sentence will run consecutively or concurrently with a yet-to-be-imposed state sentence.). Accordingly, Defendant's Motions (doc. 20 & 21) are **DENIED**.

IT IS SO ORDERED this 15th day of May 2012.

<u>/s/ Robert T. Dawson</u>
Honorable Robert T. Dawson
United States District Judge